11 CIV 7463

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

THE ANNUITY, PENSION, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS of the INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO, by its TRUSTEES ALBERT J. GIRARDI, JR., EDWARD KELLY, JEFFREY LOUGHLIN, PETER PATERNO, ROSS PEPE and NICHOLAS SIGNORELLI, JR.,

Plaintiffs,

-against-

AMEC COMMERCIAL LLC,

Defendant.

-------------------------------------------------------------------------------X

JUDGE BRICCETTI

**COMPLAINT**

11-CIV-

RECEIVED
OCT 21 2011
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs, by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their Complaint, respectfully allege:

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 et seq. ("LMRA") to recover fringe benefit contributions owed to fringe benefit trust funds and for breach of the terms and conditions of a project labor agreement, respectively.

**JURISDICTION**

2. The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, along with Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

3. Venue is properly laid in the Southern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that, as shown below, Plaintiffs THE ANNUITY, PENSION, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS

of the INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO (hereinafter referred to as "Plaintiffs LOCAL 137 TRUST FUNDS") are administered in the County of Westchester, State of New York at 1360 Pleasantville Road, Briarcliff Manor, New York 10510.

## THE PARTIES

4. Plaintiffs LOCAL 137 TRUST FUNDS are joint trustee funds established by various trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186. The Trustees of the LOCAL 137 TRUST FUNDS maintain the subject plans at offices located at 1360 Pleasantville Road, Briarcliff Manor, New York.

5. ALBERT J. GIRARDI, JR., EDWARD KELLY, JEFFREY LOUGHLIN, PETER PATERNO, ROSS PEPE and NICHOLAS SIGNORELLI, JR. are Trustees of Plaintiffs LOCAL 137 TRUST FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. The LOCAL 137 ANNUITY and PENSION FUNDS are employee pension benefit plans within the meaning of Section 3(2) of the ERISA, as amended, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

7. The LOCAL 137 WELFARE and APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29, U.S.C. §1002(1) and established for the purpose of providing medical and skill improvement benefits to eligible participants.

8. Plaintiffs LOCAL 137 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and (37).

9. Plaintiffs LOCAL 137 TRUST FUNDS also serve as the collection agent for supplemental dues, industry advancement and political action committee payments which are remitted from contributing employers such as the Defendant on behalf of those union members who have authorized the payment of same from their wages.

10. Upon information and belief, Defendant AMEC COMMERCIAL LLC ("AMEC COMMERCIAL") was and still is a New York corporation, with its principal place of business located at 270 Main Street, Norwalk, CT 06851.

11. Upon information and belief, Defendant AMEC COMMERCIAL was and still is a foreign corporation duly licensed to do business in the State of New York.

12. Upon information and belief, Defendant AMEC COMMERCIAL was and still is a foreign corporation doing business in the State of New York.

13. Upon information and belief, Defendant AMEC COMMERCIAL is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(BREACH OF CONTRACTUAL OBLIGATION)**

14. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 13 inclusive, with the same force and effect as though more fully set forth at length herein.

15. At all times relevant hereto, Defendant AMEC COMMERCIAL agreed to be bound by the terms and conditions of a project labor agreement which incorporated the terms and conditions of the underlying collective bargaining agreement negotiated by the International Union of Operating Engineers Local 137, 137A, 137B, 137C & 137R, AFL-CIO ("Local 137")

known as the "Building Construction Agreement" for the type of work performed by Defendant AMEC COMMERCIAL at the Westchester Community College job site.

16. Local 137 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152 et seq., having its principal office for the transaction of business at 1360 Pleasantville Road, Briarcliff Manor, New York.

17. Upon information and belief, Defendant AMEC COMMERCIAL has failed to pay the contractually required fringe benefit contributions to Plaintiffs LOCAL 137 TRUST FUNDS for the period of July 1, 2011 through October 14, 2011 in the amount of $18,900.00.

18. Upon information and belief, Defendant AMEC COMMERCIAL may owe additional contributions for the period of October 15, 2011 through Present. The precise figure for the period of October 15, 2011 through Present cannot be determined because said Defendant has not filed accurate remittance reports for this period in which it was required to make contributions as required by the Project Labor Agreement and underlying Collective Bargaining Agreement.

19. Despite repeated efforts by Plaintiffs LOCAL 137 TRUST FUNDS to collect the contributions owed, Defendant AMEC COMMERCIAL remains delinquent in making the proper contributions and has failed to pay any of the outstanding contributions owed to Plaintiffs LOCAL 137 TRUST FUNDS as detailed above.

20. Accordingly, as a direct and proximate result of Defendant AMEC COMMERCIAL'S defaults, omissions and breaches of the Project Labor Agreement and the underlying Collective Bargaining Agreement said Defendant is liable to the Plaintiffs in the amount of no less than $18,900.00.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(BREACH OF ERISA OBLIGATIONS)**

21. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 20 inclusive with the same force and effect as though more fully set forth at length herein.

22. Defendant AMEC COMMERCIAL'S failure to make the required fringe benefit contribution payments to Plaintiffs LOCAL 137 TRUST FUNDS for the period of July 1, 2011 through October 14, 2011 in the amount of $18,900.00 along with potentially additional contributions for the period of October 15, 2011 through Present, is a violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable contractual agreement.

23. Despite repeated efforts by Plaintiffs LOCAL 137 TRUST FUNDS to collect the contributions owed, Defendant AMEC COMMERCIAL remains delinquent in making the proper contributions and has failed to pay any portion of the outstanding contributions owed to the LOCAL 137 TRUST FUNDS as detailed above.

24. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; and (e) the costs and disbursements of the action.

25. Accordingly, as a direct and proximate result of Defendant AMEC COMMERCIAL'S breach of its obligation under the Project Labor Agreement and underlying

Collective Bargaining Agreement and as a result thereof having violated Section 515 of ERISA, 29 U.S.C. § 1145, Defendant AMEC COMMERCIAL is liable to the Plaintiffs in the amount of no less than $18,900.00, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees, and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(DEMAND FOR AN AUDIT)**

26. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 25 inclusive, with the same force and effect as though more fully set forth at length herein.

27. Under the terms of the Project Labor Agreement and underlying Collective Bargaining Agreement along with ERISA, an employer is required to make payments to the LOCAL 137 TRUST FUNDS based upon an agreed sum for each employee hour of its hourly payroll worked or wages paid, and to report such employee hours and wages to Plaintiffs LOCAL 137 TRUST FUNDS.

28. Under the terms of the Trust Agreements establishing Plaintiffs LOCAL 137 TRUST FUNDS, the Project Labor Agreement and underlying Collective Bargaining Agreement as well as ERISA, Plaintiffs are entitled to audit Defendant AMEC COMMERCIAL'S books and records.

29. Upon information and belief, Defendant may have underreported the number of employees, the amount of employee hours and wages paid to their employers and the contributions due for the period of July 1, 2011 through Present.

30. Plaintiffs therefore demand an audit of AMEC COMMERCIAL'S books and records.

**WHEREFORE**, Plaintiffs demand judgment on the First Cause of Action as follows:

1. Of Defendant AMEC COMMERCIAL LLC in the amount of contributions, supplemental dues, industry advancement and political action committee payments determined to be due and owing to Plaintiffs LOCAL 137 TRUST FUNDS in the amount of $18,900.00.

**WHEREFORE**, Plaintiffs demand judgment on the Second Cause of Action as follows:

1. Of Defendant AMEC COMMERCIAL LLC in the amount of contributions determined to be due and owing to Plaintiffs LOCAL 137 TRUST FUNDS of $18,900.00, together with:

a. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

b. Penalty interest or liquidated damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

c. Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

d. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand judgment on the Third Cause of Action as follows:

1. An order requiring Defendant AMEC COMMERCIAL LLC to submit all books and records to Plaintiffs for audit at its cost in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E); and

2. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Tarrytown, New York
October 19, 2011

Yours, etc.

BRADY McGUIRE & STEINBERG, P.C.

By: James M. Steinberg (JS-3515)
Attorneys for Plaintiffs
303 South Broadway, Suite 234
Tarrytown, New York 10591
(914) 478-4293